IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ADRIAN ALMONTE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 37) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 29). The Defendant, Adrian Almonte, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 44, 45) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Almonte is charged in an eight-count Indictment with: conspiring to possess with intent to distribute cocaine base (Count I); conspiring to distribute and possess with intent to distribute cocaine (Count II); conspiring to distribute and possess with intent to distribute marijuana (Count III); possession with intent to distribute cocaine base (Count IV); possession with intent to distribute cocaine (Count V); possession with intent to distribute marijuana (Count VI); and criminal forfeiture (Counts VII and VIII). The Defendant seeks an order suppressing evidence and statements obtained as the result of the January 14, 2008, searches of his residence, his vehicle, and the residence of Laroy Hervey.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law (Filing No. 43, at 25-32) and a written Report and Recommendation (Filing No. 37). Judge Thalken concluded: the Defendant voluntarily waived his *Miranda* rights and made a voluntary statement; the Defendant lacks standing to object to the

search warrant for the Hervey residence; the affidavits supporting the applications for the search warrants for the vehicle and the Defendant's residence contained sufficient probable cause for the issuance of those warrants; and, assuming arguendo that either affidavit did not contain probable cause, the *Leon* good faith exception applies, and none of the exceptions to *Leon* apply. Therefore, Judge Thalken recommends that the Defendant's motion to suppress be denied. (Filing No. 37.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

### STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the searches and interview of the Defendant. The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 43.) The Court also carefully viewed the evidence. (Filing No. 38.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

### FACTUAL BACKGROUND

On January 18, 2008, a gang unit executed a no-knock search warrant at the residence of Laroy Hervey in Omaha, Nebraska. Controlled substances were found, including crack cocaine cooling in a freezer and powder cocaine in the kitchen. Almonte was present and arrested. Prior to his interview approximately three hours later at police

headquarters, he was read and waived in writing his *Miranda* rights. He told Officer Swanson that marijuana was in his car, a Monte Carlo. Officers obtained a search warrant for the Monte Carlo. In executing the search warrant officers found marijuana and drug paraphernalia. Based on this evidence and the evidence found at Hervey's apartment, officers obtained a search warrant for Almonte's apartment. Items were found in the apartment including controlled substances, drug paraphernalia, currency, and venue items.

## ANALYSIS

The Defendant objects[1] to the following portions of the Report and Recommendation: the conclusion that the Defendant's statement was voluntary; the searches of the Defendant's vehicle and residence violated the Fourth Amendment; and the affidavits supporting the search warrant applications did not contain sufficient probable cause to support the issuance of the search warrants. The objections are discussed below.

***Voluntariness of the Defendant's Statement***

Almonte argues generally that under the totality of the circumstances, the "potential effect" of his intoxication together with the intimidating and coercive environment and police conduct as demonstrated at the evidentiary hearing contributed to the involuntary nature of Almonte's statement.

Officer Swanson testified in detail to the manner in which he completed the *Miranda* rights advisory form (Ex. 1) with Almonte. (Tr. 6–9.) Officer Swanson stated that during the interview Almonte was "relatively cooperative," coherent, able to understand and answer questions, and Almonte did not seem intoxicated, ask for a lawyer, or ask for an

---

[1] In response to defense counsel's concern, the Defendant's objections were timely filed. Judge Thalken allowed the parties 10 business days following the filing of the transcript to object. The transcript was filed on December 16, 2008. The objections were timely filed on December 29, 2008.

end to the interview. (Tr. 12-13.) Officer Swanson testified that he made no promises or threats toward Almonte. (Tr. 12.) Officer Swanson testified on cross examination to the following: eight officers entered the Hervey apartment with rams and drawn weapons; a pit bull was shot once, and the dog then bit Hervey resulting in an injury requiring a hospital visit; an officer yelled at Almonte to lie on the floor; Almonte was handcuffed and searched; there "might" have been one or two open alcohol containers in the apartment; a smoked marijuana joint "may" have been in an ashtray; Almonte volunteered that he smoked marijuana, but alcohol was not discussed; the interview took place at police headquarters from approximately 9:06 to 9:26 p.m., a couple of hours after the search of the Hervey apartment; and Almonte told Officer Swanson that he arrived at the Hervey apartment just before officers entered to watch a basketball game with Hervey. (Tr. 14-21.)

No contrary testimony was elicited from Officer Swanson or any other witness. The defense did not present any evidence. Almonte's statement was given at least a "couple" of hours later at police headquarters in an interview room. He waived his *Miranda* rights. He arrived at Hervey's apartment just before officers did, and therefore there is no clear evidence that he smoked the marijuana blunt that "may" have been in an ashtray or drank any of one or two alcohol containers that "might" have been present at the apartment. There is no evidence of any intoxication caused by alcohol or controlled substances. No testimony was elicited that would show any police coercion, threats, or promises made at the time of Almonte's statement. Any coercion associated with the entry into Hervey's apartment was well separated by time and place from Almonte's statement. Therefore, the objection to the voluntariness of Almonte's statement is denied.

***Searches - Fourth Amendment***

Almonte argues that the searches of his car and apartment violated the Fourth Amendment. More specifically, Almonte argues that the search warrants were issued based on factors beyond the four corners of the affidavit, i.e., "primarily on speculative opinion of the affiant and unsubstantiated and uncorroborated hearsay information regarding the Defendant's alleged activities." (Filing No. 45, at 4.) Almonte does not identify specific statements as hearsay.

The Eighth Circuit has determined that hearsay statements may provide the basis for issuance of a search warrant as long as a substantial basis exists for crediting the hearsay. *United States v. Blaylock,* 535 F.3d 922, 927 (8th Cir. 2008). Investigating officers' observations may serve as sufficient grounds for crediting hearsay statements.

The search warrant affidavit supporting the application for the search of the car describes the evidence found at Hervey's apartment, in particular: powder cocaine found in the kitchen; crack cocaine in the freezer; a pot of boiling water on the stove and an open box of baking soda in the kitchen next to the powder cocaine; two digital scales with white powder residue in the kitchen; and a semi-automatic handgun in the bedroom. The cocaine field-tested positive. Officers searched Almonte and found his car keys on his person along with keys to a second rental car. Both cars were parked at Hervey's residence. (Ex. 2.)

The search warrant affidavit accompanying the application for the search of Almonte's apartment stated: a search of Hervey's apartment resulted in the discovery of a large amount of cocaine; Almonte stated that he had marijuana in his car; and in searching the car officers found bags of marijuana and a digital scale. (Ex. 3.)

Officers' observations therefore supported any hearsay statements in the affidavits. The objection is denied.

*Leon*

Almonte argues that the *Leon* good faith exception does not apply, assuming that the Court reaches this issue. Almonte argues that the search warrant[2] is facially deficient and lacks probable cause, stating that probable cause that a crime has been committed is, alone, an insufficient basis upon which probable cause may be found for the search of a residence.

As stated above, the search warrant affidavit indicated facts surrounding the search at Hervey's apartment and Almonte's car. The search warrant affidavit is not facially deficient or lacking in probable cause. The objection is denied.

*Fruit of the Poisonous Tree*

Almonte argues that his statement was the fruit of the allegedly illegal searches of his car and apartment. Because the searches did not violate the Fourth Amendment, this argument is moot.

## CONCLUSION

For the reasons discussed the Report and Recommendation is adopted, the Defendant's objections are overruled, and the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 37) is adopted in its entirety;

---

[2] Almonte appears to make this argument only with respect to the search warrant for his residence. (Filing No. 45, at 6.)

2.	The Defendant's objections to the Report and Recommendation (Filing No. 44) are overruled;

3.	The Defendant's Motion to Suppress (Filing No. 29) is denied.

DATED this 28th day of January, 2009.

                                            BY THE COURT:

                                            s/Laurie Smith Camp
                                            United States District Judge