IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ADRIAN ALMONTE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 113) filed by the Defendant, Adrian Almonte. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Almonte pleaded guilty to Counts I, VII, and VIII of the Indictment. Count I charged Almonte with conspiracy to distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing cocaine base. Counts VII and VIII charged him with criminal forfeiture. The plea agreement states:

> Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of [sic] The parties agree that the Defendant should be held responsible beyond a reasonable doubt for at least 20 grams but not less than 35 grams of crack cocaine and, therefore, pursuant to U.S.S.G. § 2D1.1, the Defendant's base offense level is 26.

(Filing No. 56, ¶ 6.)

Although the plea agreement did not state that the agreement was reached under Federal Rule of Criminal Procedure 11(c)(1)(B), this was clearly the parties intent, considering the plea agreement, plea petition, and plea colloquy.  Almonte waived most of his rights to appeal and file a motion under § 2255.  His maintained his right to file a § 2255 motion based on ineffective assistance of counsel.

Almonte signed his plea petition under oath, stating: he was satisfied with his attorney's performance and had no objections to his legal representation; a plea might not result in a lower sentence; the sentence was for the judge to decide; he understood the maximum penalties; he was voluntarily pleading guilty; no attorney or agent of the government suggested he would receive a lighter sentence or leniency in exchange for his guilty plea; and he was pleading guilty for no reason other than his guilt.  (Filing No. 55.) Almonte's answers given under oath at his change of plea hearing corroborated the answers in his petition.  (Filing No. 61.)

Before sentencing, Ernest H. Addison, Jr. was allowed leave to withdraw as Thomas J. Monaghan entered his appearance on behalf of Almonte.  The Revised Presentence Investigation Report ("PSR") held Almonte responsible for a higher drug amount and placed him at base offense level 30.  However, the Court granted the government's objections to the PSR and honored the plea agreement that placed Almonte at base offense level 26.  Almonte was within criminal history category V and, therefore, his sentencing guideline range was 84-105 months.  Almonte was sentenced to 84 months imprisonment and 5 years supervised release.  Almonte did not file a direct appeal.

Almonte timely filed his § 2255 motion, arguing his attorneys were ineffective in failing to: modify the plea agreement to reflect 14-16 grams of cocaine base; and object to improperly assessed criminal history points.

## DISCUSSION

In order to establish ineffective assistance of counsel, Almonte must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

### I.   *Drug Quantity*

Almonte argues that he had told his attorney he was only responsible for 14-16 grams of cocaine base based on the two ounces of cocaine base[1] he was there to buy at the home of Leroy Hervey when the search warrant was executed.

At the change of plea hearing, the Assistant United States Attorney ("AUSA") stated the parties' agreement that Almonte should be held responsible beyond a reasonable doubt for at least 20 but less than 35 grams of cocaine base, resulting in base level 26. (Filing No. 61, at 18:1-5.)  While under oath, Almonte then answered "[y]es" when

---

[1]One ounce equals 28.35 grams.  U.S.S.G. § 2D1.1 application note 10.

Magistrate Judge Thomas D. Thalken asked him: "Is that your understanding of the plea agreement, Mr. Almonte?"  (*Id.,* at 18:17-19.)

Almonte also stated at the plea hearing that he was satisfied with his attorney's representation of him and had no complaints or objections to the manner in which he was represented.  (*Id.*, at 21:17-23.)

The PSR stated that Almonte was not responsible for the entire 95.8 grams of powder cocaine and 32 grams of cocaine base found in Hervey's home.  (PSR, ¶¶ 24, 26.) The PSR held Almonte responsible for two ounces of the crack cocaine seized from Hervey's home and two additional ounces from two earlier purchases from Hervey that totaled 113.4 grams.  The PSR also converted currency found in Almonte's home to marijuana equivalent, and held him responsible for a total drug weight of 2,272 kilograms of marijuana equivalent, resulting in base offense level 30.  (*Id.*, ¶¶ 26, 30.)

The government objected to several paragraphs in the PSR, including ¶ 26 regarding the precise amounts used in calculating the drug quantity.  The government argued that the amount stated in the plea agreement, at least 20 but less than 35 grams of cocaine base, applies.  The AUSA stated at the plea hearing that the parties agreed that Almonte was responsible for half of the cocaine that was to be cooked or that was cooked. (Filing No. 61, at 29:25-30:2.)  The Court granted the government's objections and upheld the plea agreement.

Almonte's position rests on his inaccurate assumption that one ounce equals 7 or 8 grams.  Almonte's position does not appear to differ from the government's insofar as he was held responsible for half of the cooked crack cocaine found in Hervey's residence. Therefore, Almonte's challenge to his responsibility for two ounces of the cocaine base

4

found in Hervey's home during the execution of the search warrant is meritless. Almonte argued no other issues relating to his drug quantity calculation. In summary, Almonte cannot prove either prong of the *Strickland* standard, and this claim is denied.

## II.     Criminal History Points

### A.     ¶ 53

The PSR assessed two additional criminal history points under U.S.S.G. § 4A1.1(d), stating: "The defendant began committing the instant offense in 2006; the Indictment specifically notes June 2006. He was on probation for the conviction noted in paragraph 50 until December 2006. Therefore, the assessment of two additional criminal history points is warranted." (PSR, ¶ 53.) Almonte reasons that this statement in the PSR relies on the recitation in ¶ 26 of his prior dealing and, because the Court granted the government's objections to ¶ 26, these two additional criminal history points under § 4A1.1(d) should not have been assessed.

Almonte is incorrect that by granting the government's objections, ¶ 26 is entirely stricken from his PSR. The Court granted the government's objections insofar as the drug quantity agreed upon by the parties in the plea agreement was upheld.

### B.     ¶¶ 48, 49

Almonte argues that because he received fines for these prior offenses. He further argues that a fine is not a "criminal justice sentence" under U.S.S.G. § 4A1.1(d) and, therefore he should not receive points for these offenses.

Almonte's argument is misplaced. As the PSR states, the criminal history points in ¶¶ 48 and 49 were assessed under U.S.S.G. § 4A1.1(c). As stated in application note

3 to § 4A1.1, the term "prior sentence" in § 4A1.1(c) is defined in U.S.S.G. § 4A1.2(a) as "any sentence." A fine is included in that definition unless the crime is a misdemeanor or petty offense similar to the list of excluded offenses set out in U.S.S.G. § 4A1.2(c). The prior convictions in ¶¶ 48 and 49 of Almonte's PSR are not within the list of excluded offenses. *United States v. Scott,* 91 F.3d 1058, 1063 (8th Cir. 1996).

C.     ¶ 50

Paragraph 50 states that for the listed prior conviction Almonte was sentenced to 3 years in the Missouri Department of Corrections with placement in the institutional treatment center. After approximately three months, the PSR reflects that Almonte was released from "prison/treatment center" and placed on 3 years probation. Two probation violations followed. Almonte was discharged from probation after serving 3 years.

Almonte mistakenly construes his 3 years probation as a "suspended" sentence following his 3 months at the treatment center. The definition of a "prior sentence" in § 4A1.1(c) defined in U.S.S.G. § 4A1.2(a) as "any sentence" includes a term of probation. *United States v. Copeland,* 45 F.3d 254, 257 (8th Cir. 1995). Even assuming for the sake of argument that Almonte's sentence had been suspended, the Court notes that a suspended sentence is also considered a "prior sentence" for which criminal history points may be awarded. *United States v. Holland,* 195 F.3d 415, 417 (8th Cir. 1999).

## CONCLUSION

For the reasons discussed, Almonte cannot prove either prong of the *Strickland* test with respect to any of his claims. It "plainly appears" from the record that Almonte is not entitled to relief, and therefore his motion is summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 113);

2. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 27th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge